**O**

1
2
3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

| | |
|---|---|
| THE TIRE HANGER CORPORATION, | Case No. 5:14-cv-00549-ODW(MANx) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO** |
| MY CAR GUY CONCIERGE SERVICES | **EXTEND TIME TO RESPOND TO** |
| INC.; SONIC AUTOMOTIVE INC.; | **THE COMPLAINT OR,** |
| PACIFIC LIFT AND EQUIPMENT | **ALTERNATIVELY, TO STRIKE** |
| COMPANY INC.; DOES 1–10, inclusive, | **THE WAIVER OF SERVICE AND** |
| Defendants. | **QUASH THE SUMMONS [13]** |

## I.   INTRODUCTION

*"When once the forms of civility are violated, there remains little hope of return to kindness or decency."*

—Samuel Johnson

Plaintiff The Tire Hanger Corporation initially attempted to serve Defendant My Car Guy Concierge Services Inc. ("Hoist Hanger")—a Canadian corporation—via Federal Express.  But the summons and copy of the Complaint never actually made their way to Hoist Hanger.  Then, misreading Federal Rule of Civil Procedure 4(d)(3), the parties made a gentlemen's agreement that Hoist Hanger would have 90 days to respond to Tire Hanger's Complaint in exchange for waiving personal service.  But

when Tire Hanger went to file the executed Waiver of Service on the docket, the Court's filing system prevented it from selecting a response date beyond 60 days since Hoist Hanger's counsel received the waiver-of-service form in California.  Counsel for Hoist Hanger proposed a stipulation that would achieve the 90-day result, but Tire Hanger's counsel apparently either declined or never responded—notwithstanding the parties' agreement.

Hoist Hanger now requests that the Court grant it an additional 30 days to respond to the Complaint.  Alternatively, it moves to strike the Waiver of Service it executed and quash the originally filed Proof of Service.  But strictly adhering to Federal Rule of Civil Procedure 4(d)(3), the Court **DENIES** Hoist Hanger's Motion on all grounds.[1]  (ECF No. 12.)

## II.   FACTUAL BACKGROUND

On March 20, 2014, Tire Hanger filed this patent-infringement action against Defendant My Car Guy Concierge Services Inc., Sonic Automotive Inc., and Pacific Lift and Equipment Company Inc.  (ECF No. 1.)  The patents-in-suit relate to methods and an apparatus for supporting vehicle wheels that have been removed from a vehicle placed on a hoist.  (Compl. ¶ 14.)

On April 14, 2014, Tire Hanger requested the Clerk of Court to send the summons and a copy of the Complaint via Federal Express to 1036 Ioco Road, Port Moody, British Columbia, V3H 2X1, Canada—Hoist Hanger's last known address— as provided under Federal Rule of Civil Procedure 4(f)(2)(C)(ii).  (ECF No. 11, at Ex. 1.)  The Clerk sent out the documents via FedEx, and a person signing as "Duncan" received the envelope on April 17, 2014.  (*Id.* at Ex. 2.)  On April 28, 2014, Tire Hanger accordingly filed a Proof of Service on the docket.  (ECF No. 11.)

On April 29, 2014, David Caine, counsel for Hoist Hanger, informed Peter Veregge, counsel for Tire Hanger, that Rick Daley, Hoist Hanger's President, had

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

moved from the Ioco Road address in late March 2014.  (Caine Decl. Ex. B.)  Hoist Hanger therefore never received the summons and Complaint.  Since Daley was traveling outside of Canada at that time, Caine offered to execute a waiver of service "provided that the Tire Hanger agrees to the application of FRCP [4](d)(3)'s 90-day extension of time to [*sic*] set forth for answer by a foreign defendant."  (*Id.*)

The next day, Veregge responded, stating that "if you get Mr. Daley or another authorized Hoist Hanger representative to sign the attached Waiver of Service form, and return that form to us by May 8, 2014, we will use that as proof of service instead, and allow Hoist Hanger the 90-day period in which to answer under Rule 4(d)." (*Id.* Ex. C.)

On May 1, 2014, Caine sent Veregge the executed Waiver of Service.  (*Id.* Ex. D.)  Caine also requested that Tire Hanger confirm that it "will withdraw its notice of service and file the attached waiver of service reflecting a response date 90 days from April 30."  (*Id.*)  Caine also circled "90 days" on the Waiver of Service as depicted in Figure 1.

**Figure 1**

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____04/30/2014_____ , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____04/30/2014_____

_____
*Signature of the attorney or unrepresented party*

My Car Guy Concierge Svcs., Inc. dba Hoist Hanger
*Printed name of party waiving service of summons*

_____
*Printed name*

On May 6, 2014, Veregge informed Caine that he was unable to select a 90-day response deadline because Tire Hanger had to answer negatively to the CM/ECF filing question "Was defendant addressed outside any judicial district of the United States?" (*Id.* Ex. E.)  Veregge thus selected a 60-day response deadline since Tire Hanger had sent the waiver-of-service from to Hoist Hanger's counsel in California—not Canada.

/ / /

/ / /

Hoist Hanger disputed the 60-day response deadline and insisted that the parties agree to an additional 30-day extension via stipulation.  (*Id.*)  Tire Hanger apparently never responded to the stipulation request.

On May 15, 2014, Hoist Hanger filed this Motion seeking an additional 30 days to respond to the Complaint or to strike the Waiver of Service and quash the original Proof of Service.  (ECF No. 13.)  Tire Hanger timely opposed.  (ECF No. 16.)  That Motion is now before the Court for decision.

## III.   DISCUSSION

Hoist Hanger requests that the Court grant it another 30 days to respond to Tire Hanger's Complaint for a total of 90 days.  Alternatively, Defendant moves to strike the Waiver of Service it executed and quash the originally filed Proof of Service.  Strictly following Federal Rule of Civil Procedure 4, the Court denies Hoist Hanger's Motion on all grounds.

### A.   Extension of time to answer Complaint

Hoist Hanger first asks the Court to grant it another 30 days to respond to Tire Hanger's Complaint.  Federal Rule of Civil Procedure 4(d)(3) provides that a "defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States."  Further, when a district court sets a deadline, a party must present "good cause" for modifying the schedule.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit has held that this standard "primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

Hoist Hanger argues that since it is a Canadian corporation, it is entitled to the 90-day response deadline provided for in the last clause of Rule 4(d)(3).  It also points out that counsel for both parties initially agreed to the 90-day deadline, and it was only Veregge's inability to select that date in CM/ECF that prompted Tire Hanger to

change its position.  Further, Hoist Hanger emphasizes that it is a small, two-person operation with limited resources to investigate the allegations in the Complaint, so it needs additional time.

But Tire Hanger asserts that the applicable Rule 4(d)(3) deadline does not hinge on a defendant's residence; rather, the 90-day period only applies when the waiver-of-service form is mailed to a defendant outside the United States.  Tire Hanger also argues that since Caine first communicated with Veregge on April 1, 2014, regarding the Complaint, Hoist Hanger will essentially have the 90 days it seeks to respond to the allegations.

Rule 4(d)(3)'s plain text easily resolves the parties' dispute.  The Rule provides that a defendant only has 90 days to respond to a complaint if the waiver of service "was sent to the defendant outside any judicial district of the United States."  Fed. R. Civ. P. 4(d)(3).  The waiver-of-service form was not sent to Hoist Hanger in Canada or anywhere else outside of the United States.  Instead, Tire Hanger sent the form to Hoist Hanger's counsel in California.  Strictly adhering the Rule's terms, Tire Hanger correctly selected a 60-day response deadline.

Neither has Hoist Hanger demonstrated good cause for further extending the response deadline to 90 days.  One must consider that when a plaintiff personally serves a defendant, the defendant only has 21 days to respond to the complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  As an incentive for waiving personal service, Hoist Hanger now has nearly three times the normal response period in which to answer or otherwise respond to Tire Hanger's Complaint.  The Court understands that Hoist Hanger runs a small operation, but that is not unusual.  Defendants unrepresented by counsel frequently adhere to response deadlines much shorter than the one Hoist Hanger faces.

Perhaps the most shocking part of the events surrounding this Motion is that Tire Hanger refused to honor its agreement that Hoist Hanger would have 90 days to respond to the Complaint.  While the parties apparently misunderstood Rule 4(d)(3)

when they initially agreed to the 90-day deadline, for all intents and purposes the parties reached a gentlemen's agreement that Hoist Hanger would get 90 days to answer in exchange for waiving personal service—and of course saving Tire Hanger money. That the Court's filing system would not allow Veregge to select a 90-day date did not preclude Tire Hanger from honoring its agreement through Hoist Hanger's requested 30-day stipulation. In fact, the Local Rules specifically permit parties to stipulate to an additional 30-day response period without court approval. L.R. 8-3.

But instead of honoring their misguided agreement, Tire Hanger apparently either ignored Hoist Hanger's request for stipulation or declined it. Moreover, Plaintiff opposed this Motion, further dragging out what should really be a nonissue. The Court certainly hopes that the parties' utter inability to resolve such a simple issue this early in the litigation does not bespeak this action's future. The parties, their clients, the Court, and the profession are all served when attorneys can work together to resolve disputes amicably among themselves. Local Rule 7-3 contemplates as much by requiring that parties meet and confer, preferably in person, before filing any motion.

Finding no good cause for a 30-day extension, the Court **DENIES** Hoist Hanger's Motion on this ground.

**B.    Motion to strike waiver of service and quash summons**

Hoist Hanger next moves to strike the Waiver of Service it executed and Tire Hanger filed on the docket and quash the first Proof of Service Tire Hanger filed.

*1.    Waiver of service*

Hoist Hanger contends that the Court should strike its Waiver of Service because it informed Tire Hanger before it filed the waiver on the docket that Tire Hanger was not authorized to do so if it was going to select the 60-day response deadline. But Tire Hanger emphasizes that Hoist Hanger validly executed the Waiver of Service, so the Court should simply follow Rule 4(d)(3).

That the parties mistakenly read Rule 4(d)(3) does not render Hoist Hanger's otherwise validly executed Waiver of Service involuntary.  Hoist Hanger does not argue that it was threatened into signing the form or that someone forged the signature on it.  In fact, it was Hoist Hanger itself that first offered to execute the waiver since Daley had moved from the Ioco Road address and was traveling outside Canada.  Moreover, as the Court discussed above, Hoist Hanger is not even remotely prejudiced by the current 60-day response deadline, as this is nearly three times the usual response period permitted by the Federal Rules of Civil Procedure.  The Court accordingly **DENIES** Hoist Hanger's Motion on this ground.

  2.  *Summons*

While Hoist Hanger also moves to quash the original Proof of Service which Tire Hanger filed after serving a person named "Duncan" via FedEx, Tire Hanger correctly points out that this issue is moot.  When Tire Hanger filed Hoist Hanger's Waiver of Service on the docket, it stated that "Plaintiff hereby withdraws its previously filed Proof of Service against this Defendant, Docket No. 11."  (ECF No. 12, at 2.)  The original Proof of Service is therefore no longer operative.  The Court thus **DENIES** Hoist Hanger's Motion on this ground **AS MOOT**.

### IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Hoist Hanger's Motion in its entirety.  (ECF No. 13.)  The parties are still free to stipulate to a 30-day extension under Local Rule 8-3.

**IT IS SO ORDERED.**

June 4, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**