O

# United States District Court
# Central District of California

| | |
|---|---|
| THE TIRE HANGER CORP., <br><br> Plaintiff, <br><br> v. <br><br> MY CAR GUY CONCIERGE SERVICES INC.; SONIC AUTOMOTIVE INC.; PACIFIC LIFT AND EQUIPMENT COMPANY INC.; and DOES 1-10, <br><br> Defendants, | Case No.5:14-cv-00549-ODW(MANx) <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW [51]** |

## I. INTRODUCTION

Defendants My Car Guy Concierge Services, Inc., Sonic Automotive, Inc., and Pacific Lift and Equipment Company, Inc. (collectively "Defendants") move to stay this action pending *Inter Partes* Review ("IPR") of U.S. Patent No. 6,604,610 (the "'610 Patent") and U.S. Patent No. 6,681,897 (the "'897 Patent"). Defendants argue that the co-pending IPRs challenge the validity of all claims of the '897 Patent and a majority of the '610 Patent's asserted claims, and therefore staying this matter will streamline issues and reduce litigation costs. For reasons discussed below, the Court **GRANTS IN PART** Defendants' Motion to Stay.[1] (ECF No. 51.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff The Tire Hanger Corporation filed its Complaint against Defendants on March 20, 2014 asserting claims 1, 2, and 4 for patent infringement of the '897 Patent and claims 1, 3–7, 10, and 11 of the '610 Patent. (ECF No. 1.) The patents-in-suit generally pertain to methods and apparatus for supporting vehicle wheels removed from a vehicle on a lift or hoist. The '610 Patent pertains to a hoist apparatus with a hanger for hanging tires or wheels when removed from a hoisted vehicle during service. The '897 Patent relates to a method of using an apparatus for hanging tires or wheels when removed from a hoisted vehicle during service.

The Court issued a Scheduling and Case Management Order, which set a claim construction hearing for April 10, 2015; the end of fact and expert discovery on August 3, 2015; and a trial date on November 3, 2015. (*See* ECF No. 39.)

On October 31, 2014, non-parties Shinn Fu Company of America, Inc. and Shinn Fu Corporation (collectively "Shinn Fu") petitioned the Patent Trial and Appeal Board ("PTAB") for an IPR of the '897 Patent and '610 Patent. The co-pending IPRs challenge the validity of all claims of the '897 Patent, and a majority of the '610 Patent's asserted claims, including its only independent claim. The prior art patents and printed publications asserted in the IPR are ones that the Patent and Trademark Office ("PTO") did not consider during prosecution. Two of Defendants' prior art references serve as primary references for the pending IPRs.

Defendants discovered the existence of the IPRs on November 24, 2014. (Mot. 5.) Plaintiff had neither informed Defendants nor the Court of the existence of the IPRs up to that point in time. (*Id.*) Plaintiff filed a notice of the IPRs on November 26, 2014. (ECF No. 47.)

On December 16, 2014, Defendants filed the present motion to stay pending the *inter partes* review. (ECF No. 51.) A timely opposition and reply followed. (ECF Nos. 56, 59.) The motion is now before the Court for consideration.

/ / /

### III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1095, 1066 (9th Cir. 2007). Considering efficiency and fairness to the parties, the Court may "enter a stay of an action before it, pending resolution of independent proceedings which will bear on the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art," 35 U.S.C. § 302, and "[a] petitioner in an *inter partes* review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). A district court has the discretion to stay judicial proceedings pending reexamination or review of a patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. 12-cv-0021-JLS-JPR, 2012 WL 7170593, at *2–4 (C.D. Cal. Dec. 19, 2012).

Courts consider three factors in determining whether to grant a stay pending reexamination or review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *1. There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D.

Cal. 1994).

## IV. DISCUSSION

### A. Stage of Litigation

Regarding the first factor, the case is still in its early stages. Fact and expert discovery close on August 3, 2015 and trial is set for November 3, 2015. Further, the parties have not participated in claim construction yet, the hearing being scheduled on April 10, 2015. A substantial amount of work has yet to be done in this case. Although the stay maybe premature because the PTAB has not decided whether to move forward with the petitions, a modest partial stay to learn the PTAB's decision whether to grant the IPR petitions of any (or all) of the asserted claims, may be helpful to this action. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014). Thus, the fact that this litigation is at a very early stage weighs in favor of granting the stay.

### B. Simplification of Issues and Trial

Defendants argue that a stay will simplify the issues in dispute and streamline the trial of this matter because all of the asserted claims are likely to either be cancelled or shown to be not patentably distinct from a cancelled claim. (Mot. 11.) The pending IPRs challenge all asserted claims of the '897 Patent, and a majority of the asserted claims of the '610 Patent (independent claim 1 and dependent claims 3, 5, 7, and 11). (*See* ECF No. 47, Exs. 1, 2.) Defendants argue that their invalidity contentions demonstrate that dependent claims 4, 6, and 10 of the '610 Patent are invalid for the same reasons as independent claim 1, thus a determination on claim 1 can also be applied to claims 4, 6, and 10. (Mot. 12.) Although not all asserted claims are the subject of the IPR, the IPR, will at the very least simplify the issues and streamline the litigation by reducing claim construction disputes and minimizing the number of claims that the parties need to address. *See Fresenius USA, Inc. v. Baxter Intern, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) (holding that patentee may only enforce claims that survive reexamination in identical form).

The benefits of a stay are also contingent upon the application of IPR's estoppel effect. *See* 35 U.S.C. § 315(e)(2). Plaintiff raises the reasonable concern that the Defendants are not IPR petitioners and thus will be free to re-litigate invalidity on any grounds they choose once the stay is lifted. (Opp'n 15–16.) The Court may alleviate any estoppel concern as to Defendants by using its inherent power to condition a stay on their agreement to be bound as if they themselves had filed the relevant IPR petition. *See Pi–Net Int'l, Inc. v. Focus Bus. Bank,* No. 12–cv–4958–PSG, 2013 WL 4475940, at *5 (N.D. Cal. Aug. 16, 2013). At this time addressing estoppel is not appropriate because the IPRs have not been instituted. The Court will revisit the issue of estoppel after the PTAB has instituted the petitions. Accordingly, the Court concludes that the potential for streamlining these proceedings weighs in favor of a stay.

## C.     Prejudice to Plaintiff

Lastly, regarding the third factor, Plaintiff argues that it is prejudiced because (1) a licensee has cancelled a license due to litigation; (2) a potential witness is of advanced age; and (3) Defendant Hoist Hanger cannot pay a monetary judgment. (Opp'n 16–19.) Regarding Plaintiff's licensee, the license has already been terminated due to litigation that Plaintiff initiated and therefore the harm has already occurred. Staying the case would not harm the relationship any further.

Regarding the witness' advanced age, the Court is not convinced how this harm is further exacerbated by the stay. Roy Starling is a co-inventor and principal of the Plaintiff. While his testimony is relevant to the case, patent cases rely heavily on expert witnesses and not fact witnesses. More importantly, Plaintiff also does not indicate that Mr. Starling is suffering from any terminal illness or has any severe health problems at this time. An institution decision by the PTAB will occur before the discovery cut-off date of August 3, 2015. Any risk of Mr. Starling not being able to testify for this case is still present whether the case is stayed or not.

Lastly, with respect to Defendant Hoist Hanger, Plaintiff argues that Hoist

1  Hanger admitted early on in the case that it had no physical assets and if Plaintiff won,
2  it would receive a "dry judgment." (Opp'n 11.)  Therefore, Plaintiff is prejudiced
3  because monetary damages are likely unavailable against Hoist Hanger.  This
4  argument is also unconvincing for the Court.  The stay has no effect on Hoist
5  Hanger's ability to pay Plaintiff.  Indeed, staying the case before a significant amount
6  of time and effort are spent would help alleviate litigation costs since Plaintiff can
7  focus its resources on the IPR petitions rather both the petitions and this case.  Further,
8  monetary relief can be sought through the other Defendants Sonic Automotive, Inc.
9  and Pacific Lift and Equipment Company, Inc.  Therefore, the Court finding no clear
10 case of hardship or inequity finds the third factor strongly favors a stay.

In light of the above considerations and the liberal policy of granting motions to stay litigation pending the outcome of PTO proceedings, the Court **GRANTS** Defendants' Motion to Stay pending the PTAB's institution decision.

### V.   CONCLUSION

For the foregoing reasons, Defendants' motion to stay is **GRANTED IN PART**.  This action is hereby **PARTIALLY STAYED** pending the PTAB's decision regarding whether to institute trial on Shinn Fu's petitions.  The parties shall file a joint status statement **no later than seven days** after the PTAB's decision regarding Shinn Fu's IPR petitions.  At that time the parties can request to continue the stay all or a portion of this action upon the PTAB's decision.  The issue of estoppel will also be addressed at that time.  All other dates and deadlines in this action are **VACATED** and taken off the calendar.

**IT IS SO ORDERED.**

February 27, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**