Daniel M. Cislo, Esq., No. 125,378
*dan@cislo.com*
Peter S. Veregge, Esq., No. 155,769
*pveregge@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
THE TIRE HANGER CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THE TIRE HANGER CORPORATION, a California corporation,

Plaintiff,

vs.

MY CAR GUY CONCIERGE SERVICES INC. dba HOIST HANGER, a Canadian company, SONIC AUTOMOTIVE, INC., a Delaware corporation, PACIFIC LIFT AND EQUIPMENT COMPANY, INC., a California corporation, and DOES, 1-10,

Defendants.

CASE NO. EDCV14-549-ODW-MANx

[Hon. Otis D. Wright, II]

**TIRE HANGER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Hearing Date: None scheduled

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

**TABLE OF CONTENTS**

I. INTRODUCTION .......... 1

II. IPR STATUS SUMMARY .......... 2

A. The PTAB Refused to Institute an IPR for the ‘610 Patent .......... 2

B. The PTAB Instituted an IPR for the ‘897 Patent .......... 2

C. The ‘897 IPR Will Not Address the Majority of the Asserted Claims and Only Half the Defendants’ Prior Art References .......... 3

III. ARGUMENT .......... 3

A. Under the Totality of the Circumstances, the Stay Should Be Lifted .......... 3

1. Totality of the Circumstances Governs the Three-Factor Test and Defendants Bear Burden of Justifying Stay .......... 3

2. In Cases Where Only Some of the Patents and Claims Are Subject to IPR, Courts Have Denied the Stay Requests .......... 3

3. The First Factor, Stage of the Litigation, Favors Lifting the Stay .......... 5

4. The Second Factor, Simplification, Weighs Against a Stay .......... 6

a) Only 3 of 11 Patent Claims are Subject to IPR .......... 6

b) The Claims Addressed in the IPR Will Not Assist the Court in Construing the Non-IPR Claims .......... 6

c) Defendants Have Asserted Invalidity Contentions and Prior Art that Will Not Be Addressed in the IPR .......... 7

5. The Third Factor, Undue Prejudice or Clear Tactical Disadvantage, Favors Denial of a Stay .......... 7

a) Plaintiff and Hoist Hanger Are Competitors .......... 7

b) Hoist Hanger Has Asserted it Cannot Pay a Judgment, and Thus a Stay is Unduly Prejudicial ........... 7

B. Alternatively, If the Court is Inclined to Grant a Stay, Tire Hanger is Willing to Dismiss the '897 Patent Claims Without Prejudice ........................................ 9

C. If the Court is Still Inclined to Grant a Stay, It Should Condition the Stay on Defendants Being Estopped by the Results of the IPR ........................................ 10

IV. CONCLUSION ........................................ 10


CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

# TABLE OF AUTHORITIES

**Cases**

Aero Prods. Int'l, Inc. v. Intex Recreation Corp., 466 F.3d 1000 (Fed. Cir. 2006) ... 9

Boston Sci. Corp. v. Cordis Corp., 777 F. Supp. 2d 783 (D. Del. 2011) ... 7

Bushnell, Inc. v. Brunton Co., 673 F. Supp. 2d 1241 (D. Kan. 2009) ... 8

Canon Inc. v. GCC Int'l Ltd., 450 F. Supp. 2d 243 (S.D.N.Y. 2006) ... 8

Dane Techs., Inc. v. Gatekeeper Sys., Inc., 2013 U.S. Dist. LEXIS 117718 (D. Minn. Aug. 20, 2013) ... 4, 6

Davol, Inc. v. Atrium Med. Corp., 2013 U.S. Dist. LEXIS 84533; 2013 WL 3013343 (D. Del. June 17, 2013) ... 4, 6

Endotach LLC v. Cook Med., Inc., 2014 U.S. Dist. LEXIS 27802 (S.D. Ind. Mar. 5, 2014) ... 4, 5

Lifescan, Inc. v. Shasta Techs., LLC, 933 F. Supp. 2d 1243 (N.D. Cal. 2013) *rev'd on other grounds*, 734 F.3d 1361 (Fed. Cir. 2013) ... 8

O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd., 449 Fed. Appx. 923, 2011 WL 5601460 (Fed. Cir. 2011) ... 8

Otto Bock HealthCare LP v. Össur HF, 2013 U.S. Dist. LEXIS 188428 (C.D. Cal. Dec. 16, 2013) ... 5

Pentair Water Pool & Spa, Inc. v. Hayward Indus., 2012 U.S. Dist. LEXIS 178630; 2012 WL 6608619 (E.D. N.C. Dec. 18, 2012) ... 4, 6

Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142 (Fed. Cir. 2011) ... 8

RR Donnelley & Sons Co. v. Xerox Corp., 2013 U.S. Dist. LEXIS 176620 (N.D. Ill. Dec. 16, 2013) .............................. 3, 4, 6

SCVNGR, Inc. v. eCharge Licensing, LLC, 2014 U.S. Dist. LEXIS 135408 (D. Mass. Sept. 25, 2014) ................................ 5, 6

**Statutes**

35 U.S.C. § 311(b) ........................................................................................ 7

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

## I. INTRODUCTION

The Court should lift the stay in its entirety because the PTAB denied *inter partes* review ("IPR") for the '610 Patent, which comprises 8 of the 11 asserted claims in this litigation. Numerous courts have denied stays in similar situations. Alternatively, if the Court is unwilling to lift the stay in toto, Plaintiff is willing to dismiss the '897 Patent claims without prejudice, to allow the IPR to proceed as to those claims, while moving this case forward with the non-IPR claims.

Only 3 of the 11 asserted claims are subject to an IPR. The method claims in the '897 Patent IPR will not assist the Court significantly in construing the apparatus claims of the '610 Patent. Lifting the stay is supported by myriad cases that hold where a large portion of the patents or claims are not addressed by the IPR, a stay is not warranted, primarily because the IPR will not simplify the issues.

The totality of the circumstances, which governs the three factor test, strongly favors lifting the stay. On the first factor, stage of the litigation, this case is sufficiently advanced—the Joint Claim Construction has already been filed and the parties were about to file their claim construction briefs.

As to the second factor, simplification of issues, the benefit will be virtually nil, as the IPR will not address: (a) 8 of 11 asserted claims, (b) any apparatus claims, (c) many of the invalidity contentions, and (d) most of the prior art.

The third factor, undue prejudice, favors lifting the stay. Monetary damages are insufficient because Hoist Hanger has asserted it cannot pay a damages award, which many courts have found constitutes irreparable harm. A stay compounds that harm by increasing royalty damages through continued sales, which, as a non-consumable item, also destroys future sales. Thus, the stay should be lifted.

In the alternative, Plaintiff is willing to dismiss the '897 Patent claims without prejudice to allow this case to move forward. The '897 Patent would only become relevant if: (a) Plaintiff is unsuccessful in asserting the '610 Patent, ***and*** (b) the '897 Patent emerges from the IPR, which <u>Defendants</u> contend is very unlikely.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

## II. IPR STATUS SUMMARY

### A. The PTAB Refused to Institute an IPR for the '610 Patent

On April 23, 2015, the PTAB denied institution for IPR2015-00199, the Shinn Fu petition regarding U.S. Patent No. 6,604,610. (Docket No. 74, Exh. A). Thus, the '610 Patent is not subject to an IPR proceeding. The '610 Patent is an apparatus claim patent, where the claims recite the structure of a device.

In the institution decision, the PTAB rejected the petitioner's argument—which is virtually identical to the Defendants' argument in the present case—that "Toyota[1] anticipates claims 1, 3, 7, and 11 of the '610 patent." (Motion, Docket 51-1, p. 12 of 22). More specifically, the PTAB ***rejected*** Defendants' primary contention that "Toyota discloses <u>a tire hanger</u> attached to a vehicle lift …" (<u>Id</u>.) (emphasis added). The IPR decision noted that despite "Komorita's labeling of its structure as a tire hanger, it is clear from Komorita that the structure actually disclosed is not a hanger as claimed. … Komorita does not disclose a 'hanger,' as required by claim 1, when the term is read in view of the specification." (Docket 74, Exhibit A, p. 9). Thus, Komorita is inapplicable prior art as to the '610 Patent. The guidance of the PTAB decision will assist this Court moving forward.

### B. The PTAB Instituted an IPR for the '897 Patent

On April 27, 2015, the PTAB instituted the IPR for Shinn Fu petition IPR2015-00208 regarding U.S. Patent No. 6,681,897. (Docket 74, Exhibit B). The '897 Patent is a method patent, where the claims recite a method of using a device. In its decision, the PTAB focused on whether claim construction required the steps to be carried out in the order recited in the claims. (<u>Id.</u> at pp. 4-7). The PTAB decision did not even mention the term "hanger," which was dispositive in the '610 institution decision. As shown in the Joint Claim Construction (Docket 65), there is barely any overlap on the claim terms to be construed for the two patents, which is expected given the inherent differences between apparatus and method claims.

---

[1] The reference that Defendants cite as "Toyota," the PTAB cites in the IPR as "Komorita."

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

**C. The '897 IPR Will Not Address the Majority of the Asserted Claims and Less Than Half the Defendants' Prior Art References**

Tire Hanger is asserting Claims 1, 3-7, 10 and 11 of the '610 Patent, and claims 1, 2, and 4 of the '897 Patent. (Docket 65). Thus, eight of the eleven claims (72%) at issue in this litigation are not subject to an IPR.

The '897 IPR cites only two prior art references that overlap with Defendants' prior art references. Defendants cite two additional prior art references in their invalidity contentions, U.S. Patent No. 5,257,446 and European patent EP 0 486 431. Thus, the '897 IPR will not address seventy-two percent of the asserted claims, and will only address half of Defendants' prior art references. Moreover, the PTAB already decided that one of those references—Toyota/Komorita—does not apply to the '610 Patent at issue in this litigation. (Docket 74, Exhibit A, p. 9).

## III. ARGUMENT

**A. Under the Totality of the Circumstances, the Stay Should Be Lifted**

**1. Totality of the Circumstances Governs the Three-Factor Test and Defendants Bear Burden of Justifying Stay**

The three significant factors in deciding whether to stay an action until an IPR is decided are: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. (Opposition, Docket 56, pp. 3-4). Despite these commonly cited factors, the totality of the circumstances governs the inquiry. (Id. at 4-5). Defendants bear the burden of justifying the stay. (Id. at 5).

**2. In Cases Where Only Some of the Patents and Claims Are Subject to IPR, Courts Have Denied the Stay Requests**

In numerous cases where IPRs were requested or instituted as to less than all of the patents or claims in suit, the courts have denied stay requests. For example, in RR Donnelley & Sons Co. v. Xerox Corp., 2013 U.S. Dist. LEXIS 176620 (N.D. Ill. Dec. 16, 2013), Xerox filed IPR petitions for three of the seven patents asserted

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

by RR Donnelley. Even before the petitions were decided, the court denied Xerox's motion to stay, in part because the stay "would cause the four unchallenged … patents to languish unresolved for an unspecified amount of time, and up to two years if one or both of Xerox's petitions is granted." Id. at *7-8.

The RR Donnelley opinion relied on three prior cases that similarly denied stays. In Dane Techs., Inc. v. Gatekeeper Sys., Inc., 2013 U.S. Dist. LEXIS 117718 (D. Minn. Aug. 20, 2013), the defendant filed IPR petitions for two of the three asserted patents. In denying the stay, the court noted that a stay would leave the third patent's infringement claims "languishing and unresolved." Id. at *7-8. In Davol, Inc. v. Atrium Med. Corp., 2013 U.S. Dist. LEXIS 84533; 2013 WL 3013343 (D. Del. June 17, 2013), the defendant filed IPR petitions for two of the three asserted patents. In denying the stay, the court stated that given the "failure to seek *inter partes* review of the '420 Patent—a stay of this action in its entirety will do little to advance the parties' dispute over the '420 Patent, and allowing litigation to proceed solely with respect to that patent while the parties await a PTO decision on the other two patents-in-suit would invite substantial inefficiency." Id. at *17. In Pentair Water Pool & Spa, Inc. v. Hayward Indus., 2012 U.S. Dist. LEXIS 178630; 2012 WL 6608619 (E.D. N.C. Dec. 18, 2012), the defendant had moved for *inter partes* reexamination of four out of seven asserted patents, and the court denied the stay. In analyzing the factors, the court noted that "the parties' claims and defenses with respect to three of the seven patents will not be substantially simplified by staying the case. [And thus] … it will not greatly simplify the case even if all of the patent claims under reexamination are cancelled." Id. at *11.

More recent cases have followed these holdings, denying stays when less than all of the patents are subject to IPR. The facts of Endotach LLC v. Cook Med., Inc., 2014 U.S. Dist. LEXIS 27802 (S.D. Ind. Mar. 5, 2014), are quite similar to the instant case. A third party filed an IPR petition for one of the two asserted patents. Id. at *5. The defendant asserted that the plaintiff did not produce a

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

product covered by either patent. Id. at *10. But in denying the stay, the court concluded that the plaintiff "should not now have to wait as long as two years to determine whether Cook has any liability for infringement of the '154 patent while a third party fights part of Cook's invalidity battle over the '417 patent in another forum." Id. at *10-11 (citing RR Donnelly, Dane, Davol, and Pentair).

Likewise, in SCVNGR, Inc. v. eCharge Licensing, LLC, 2014 U.S. Dist. LEXIS 135408, *4-6 (D. Mass. Sept. 25, 2014), a third party filed IPR petitions for three of eight asserted patents, all of which were instituted, but the court denied the stay. The court noted that in cases where all the patents in suit are subject to an IPR, there is little doubt that some issues would be simplified. Id. at *26. But the court distinguished cases where, as here, only some of the asserted patents are subject to an IPR. "***Under these circumstances, courts generally deny a stay of the proceedings***." Id. (emphasis added) (citing RR Donnelly, Dane, Davol, and Pentair). Due to the partial IPR issue, the court noted that the simplification factor "weighs quite strongly against a stay," and "the Court is not inclined to allow five of the eight patents-in-suit to 'languish' while the PTAB reviews only three of the patents-in-suit." Id. at *27 (citing RR Donnelley).

As Defendants explained in their reply brief, the court in Otto Bock HealthCare LP v. Össur HF, 2013 U.S. Dist. LEXIS 188428, *3-4 (C.D. Cal. Dec. 16, 2013), found that "only 2 of 19 of the claims challenged in the IPR petition were at issue in that litigation." (Reply, Docket 59, p. 6). In that case, there were only four asserted claims, thus half the asserted claims were not subject to the IPR, and the court denied the stay. Similarly, in the present case, only 3 of 11 asserted claims are subject to an IPR, and this Court should lift the stay.

**3. The First Factor, Stage of the Litigation, Favors Lifting the Stay**

As previously noted, this case is well underway. Before the court granted the partial stay, the parties had already submitted joint claim construction statements and Plaintiff was just about to submit its opening claim construction brief. In the

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

cases cited above, most of the cases were no further along than the present case. In SCVNGR, 2014 U.S. Dist. LEXIS 135408 at *24, and Davol, 2013 U.S. Dist. LEXIS 84533 at *18-19, the courts had not even set a scheduling conference. In Dane, 2013 U.S. Dist. LEXIS 117718 at *8, the case was in the early stages and trial was over 13 months away. In Pentair, 2012 U.S. Dist. LEXIS 178630 at *11-12, the parties filed a joint claim construction statement and fact discovery still had 10 more months to run. In RR Donnelley, 2013 U.S. Dist. LEXIS 176620 at *10, fact discovery was ongoing and no trial date had been set, but the parties had exchanged infringement, non-infringement, invalidity and validity contentions. The present case is sufficiently advanced to weigh against a stay.

**4. The Second Factor, Simplification, Weighs Against a Stay**

**a) Only 3 of 11 Patent Claims are Subject to IPR**

Less than 30% of the asserted patent claims (3 of 11) are subject to the IPR, which will not address any of the 8 asserted claims in the '610 Patent. Thus, those claims will still have to be litigated, even if the IPR invalidates all three claims in the '897 Patent. This cuts strongly against simplification. The partial IPR cases cited above (SCVNGR, Endotach, RR Donnelly, Dane, Davol, Pentair, and Otto Bock), found that the simplification factor cuts against a stay because so many of the asserted claims would not be addressed by the IPR. The same rationale applies here. There is no reason to allow 72% of the asserted patent claims to languish unresolved during the IPR process. This cuts heavily against a stay.

**b) The Claims Addressed in the IPR Will Not Assist the Court in Construing the Non-IPR Claims**

As noted above, the claim terms in the two patents barely overlap because the patents have apparatus and method claims, respectively. Thus, claim construction for the '897 Patent will not significantly assist the Court in interpreting the '610 Patent. This also cuts heavily against a stay.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

**c) Defendants Have Asserted Invalidity Contentions and Prior Art that Will Not Be Addressed in the IPR**

The IPR will not address several of Defendants' invalidity contentions and over half of Defendants' prior art references. Defendants' invalidity contentions assert that all the asserted claims are invalid under various paragraphs of 35 U.S.C. § 112. (Motion, Docket 51-10, Phillips Decl. Exh. 8, pp. 12-14). IPRs can only address invalidity under section 102 and 103, not 112. 35 U.S.C. § 311(b). Thus, Defendants' section 112 arguments will remain to be litigated for both patents, even after the '897 IPR is completed. As noted above, the PTAB will only consider half of Defendants' prior art, and has already deemed the Toyota reference inapplicable to the '610 Patent. Thus, the PTAB will consider only one reference to benefit this Court. Considering all these facts, the IPR will result in almost no simplification.

**5. The Third Factor, Undue Prejudice or Clear Tactical Disadvantage, Favors Denial of a Stay**

The third factor is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. Here, the facts favor denial of a stay.

**a) Plaintiff and Hoist Hanger Are Competitors**

As previously noted, the parties are competitors. (Docket 56. p. 10). "Courts are generally reluctant to stay proceedings where the parties are direct competitors." Boston Sci. Corp. v. Cordis Corp., 777 F. Supp. 2d 783, 789 (D. Del. 2011).

**b) Hoist Hanger Has Asserted it Cannot Pay a Judgment, and Thus a Stay is Unduly Prejudicial**

As previously noted, a stay would unduly prejudice Plaintiff because Hoist Hanger has asserted it cannot pay a monetary judgment. (Opposition, Docket 56, pp. 11-12). Hoist Hanger never addressed the ability to pay issue in its reply brief. (Docket 59). Yet, in its Order granting the stay, the Court noted that the stay "has no effect on Hoist Hanger's ability to pay Plaintiff." (Docket 72, p. 5).

Plaintiff respectfully disagrees. To allow Hoist Hanger to continue to pursue sales during the stay—which it is actively doing—will increase the royalties that

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

are due to Plaintiff once this litigation is concluded. In the injunction context, an infringer's inability to pay a judgment is a sound basis for finding irreparable harm, particularly involving a foreign defendant like Hoist Hanger. *See, e.g.*, Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1155 (Fed. Cir. 2011) (an inability "to satisfy an award of money damages" favors a finding of irreparable harm; district court's failure to consider infringer's ability to pay was clear error); Lifescan, Inc. v. Shasta Techs., LLC, 933 F. Supp. 2d 1243, 1262-63 (N.D. Cal. 2013) *rev'd on other grounds*, 734 F.3d 1361 (Fed. Cir. 2013) ("it is unlikely Defendants will have the ability to pay the full amount of monetary damages that could be awarded at trial. … [Thus,] Plaintiffs have made a clear showing that they may be irreparably harmed in the absence of an injunction"); Bushnell, Inc. v. Brunton Co., 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009) ("the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); Canon Inc. v. GCC Int'l Ltd., 450 F. Supp. 2d 243, 255-56 (S.D.N.Y. 2006) (granting preliminary injunction where defendant was largely based abroad); O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd., 449 Fed. Appx. 923, 2011 WL 5601460, *10 (Fed. Cir. 2011) (availability of monetary payments helps define the harm).

Due to the "buy once" nature of the product, once a Tire Hanger sale is lost to Hoist Hanger, it is likely lost forever. (Docket 56, pp. 11-12). Thus, Hoist Hanger's undisputed inability to pay poses undue prejudice to Plaintiff if the stay is maintained for another year or two while Hoist Hanger continues its sales.[2]

In its Order, the Court also noted that Pacific Lift and Sonic Automotive can pay damages. But based on present discovery, those parties have only a small portion of the sales/purchases made by the manufacturer, Hoist Hanger. To the best of Plaintiff's knowledge, Pacific Lift and Sonic have ceased selling and buying

[2] Tire Hanger's failure to file for a preliminary injunction is not dispositive. Tire Hanger previously addressed that issue in its Opposition. (Docket 56, p. 13).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

Hoist Hangers. Thus, any money judgment against them would be only a small portion of the judgment owed by Hoist Hanger. By continuing its sales during the stay, Hoist Hanger has the most to gain. It should not unilaterally benefit from a stay based on the mere presence of Sonic and Pacific Lift in this case.

**B. Alternatively, If the Court is Inclined to Grant a Stay, Tire Hanger is Willing to Dismiss the '897 Patent Claims Without Prejudice**

Based on the numerous cases denying a stay where only a few of the asserted claims are subject to the IPR, this Court should deny Defendants' request for a continued stay, and the analysis should end. The case should proceed in toto. But if, despite all the case law to the contrary, the Court is inclined to continue the stay, Tire Hanger requests that the Court allow Tire Hanger to dismiss the '897 Patent claims without prejudice and without awarding costs and fees.

If Tire Hanger is successful in asserting the '610 Patent in this case, then the '897 Patent becomes superfluous, because Tire Hanger would not be entitled to a double recovery based on assertion of the second patent. Aero Prods. Int'l, Inc. v. Intex Recreation Corp., 466 F.3d 1000, 1017 (Fed. Cir. 2006) (double recovery of patent damages is impermissible). But if Tire Hanger is not successful asserting the '610 Patent, the '897 Patent only becomes relevant if it emerges from the IPR, which according to Defendants, is very unlikely. (Motion, Docket No. 51-1, p. 8 of 22: "the PTAB eliminates ***all*** instituted claims nearly 78% of the time").

Alternative to continuing the stay, Tire Hanger is willing to dismiss its claims regarding the '897 Patent without prejudice, and only refile the claims if this Court issues a final judgment adverse to the infringement or validity of the '610 Patent. Such dismissal will relieve the Court and parties of having to litigate the '897 Patent, until such time as: (a) the '610 Patent is found invalid or not infringed, ***and*** (b) the '897 Patent emerges from IPR. This strikes a fair balance between staying the entire case even though only one patent is subject to an IPR, and proceeding with the litigation as to both patents even though one remains in the IPR process.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

### C. If the Court is Still Inclined to Grant a Stay, It Should Condition the Stay on Defendants Being Estopped by the Results of the IPR

If the Court still opts to continue the stay, then it should also require estoppel. Otherwise, maintaining the stay for only three patent claims would be inequitable. Tire Hanger already addressed the estoppel issue (Docket 56, pp. 15-20), but Defendants did not (Docket 59, p. 8), so Plaintiff does not know their position.

Estoppel only applies to instituted IPRs with final written decisions (35 U.S.C. § 315(e)(2)), so it only applies to the '897 Patent and its three asserted claims. It would be inherently unfair for Defendants to gain the benefit of the stay as to the entire case, as well as any benefit from Shinn Fu's efforts, without incurring any "costs" in the form of estoppel.

## IV. CONCLUSION

The Court should lift the stay as to both patents under the totality of the circumstances. The IPR will not address 8 of the 11 asserted claims. This case is sufficiently advanced, the simplification of the issues by the IPR will be nil, and undue prejudice would result from a continued stay. The case should resume on its prior schedule, commencing 30 days from the date of the Order.

Alternatively, if the Court is inclined to continue the stay, it should allow Plaintiff to dismiss its '897 Patent claims without prejudice and without costs or fees, and proceed on the '610 Patent. If despite the offer to dismiss the '897 Patent claims, the Court is still inclined to continue the stay, then it should condition the stay on Defendants agreeing to be estopped by the IPR outcome.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: May 19, 2014

By: /s/Peter S. Veregge
Daniel M. Cislo
Peter S. Veregge
Attorneys for Plaintiff,
THE TIRE HANGER CORPORATION

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647 FACSIMILE: (310) 394-4477
WWW.CISLO.COM

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 12100 Wilshire Blvd., Suite 1700, Los Angeles, California 90025.

On May 19, 2015, I served:

**TIRE HANGER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

to be sent by ECF electronic mail to the following:

Michael G. Adams, Esq.
Jami J. Farris, Esq.
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
jamifarris@parkerpoe.com

Timothy D. Robinett, Esq.
MANNING LEAVER BRUDER & BERBICH
5750 Wilshire Boulevard, Suite 655
Los Angeles, CA 90036
trobinett@manningleaver.com

David A. Caine, Esq.
Jedidiah Phillips, Esq.
ARNOLD & PORTER LLP
1801 Page Mill Road, Suite 110
Palo Alto, CA 94304
David.Caine@aporter.com
Jedediah.Phillips@aporter.com

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 19, 2015, at Westlake Village, California.

/s/ Laura Banuelos
Laura Banuelos