O

# United States District Court
# Central District of California

THE TIRE HANGER CORP.,

          Plaintiff,

   v.

MY CAR GUY CONCIERGE SERVICES INC.; SONIC AUTOMOTIVE INC.; PACIFIC LIFT AND EQUIPMENT COMPANY INC.; and DOES 1-10,

          Defendants,

Case No.5:14-cv-00549-ODW(MANx)

**ORDER DENYING CONTINUED STAY PENDING *INTER PARTES* REVIEW**

On December 16, 2014, Defendants My Car Guy Concierge Services, Inc., Sonic Automotive, Inc., and Pacific Lift and Equipment Company, Inc. (collectively "Defendants") moved to stay pending *inter partes* review ("IPR") for U.S. Patent No. 6,604,610 (the "'610 Patent") and U.S. Patent No. 6,681,897 (the "'897 Patent"). (ECF No. 51.) On February 27, 2015, the Court partially stayed this action pending the Patent and Trademark Appeals Board's ("PTAB") decision regarding whether to institute trial as to non-party Shinn Fu's petitions.[1] (ECF No. 72.) On April 23, 2015, the PTAB declined to institute an IPR for the '610 Patent and on April 27, 2015, instituted an IPR for the '897 Patent. (ECF No. 74.) The Court gave the parties leave

---

[1] On October 31, 2014, non-parties Shinn Fu Company of America, Inc. and Shinn Fu Corporation (collectively "Shinn Fu") petitioned the PTAB for an IPR of the '897 Patent and '610 Patent. The IPRs challenged the validity of all claims of the '897 Patent, and a majority of the '610 Patent's asserted claims, including its only independent claim.

to file supplemental briefs regarding staying the case in light of the PTAB's institution decision. (*See* ECF Nos. 76, 77.) After considering the parties supplemental briefs, the Court **DENIES** continuing the stay pending the IPR for the '897 Patent.[2]

Many courts have denied stay requests where IPRs were requested or instituted as to less than all of the patents or claims at issue. *See, e.g., RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-CV-6198, 2013 WL 6645472 (N.D. Ill. Dec. 16, 2013) (denying motion to stay when IPR petitions for only three out of the seven asserted patents were filed by defendants); *Davol, Inc. v. Atrium Med. Corp.*, No. CIV.A. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) (denying stay when defendant filed IPR petitions for two of the three asserted patents); *Endotach LLC v. Cook Med. Inc.*, No. 1:13-CV-01135-LJM, 2014 WL 852831 (S.D. Ind. Mar. 5, 2014) (denying stay when a third party filed an IPR petition for one of the two asserted patents).

Similarly, the Court finds that the totality of circumstances weighs against further staying the case. Importantly, the IPR petition for only the '867 Patent will not significantly simplify the case. The '897 petition only addresses three out of the eleven asserted claims in the case, therefore there is no reason to allow the remaining claims to "languish" unresolved during the IPR process. *See RR Donnelley & Sons Co. v. Xerox Corp.*, 2013 WL 6645472, at *7–8. Further, the claim terms in the '897 Patent will not significantly assist the Court in interpreting the '610 Patent. In the parties' Joint Claim Construction Statement the dispositive terms for the '897 Patent and '610 Patent did not overlap. (ECF No. 65.) Additionally, while the case is still in the early stages, the parties have submitted their Joint Claim Construction Statement and therefore are poised to brief claim construction in the near future. Even with the delay of waiting for the PTAB's institution decision, this case can still go to trial by the end of the year, resolving all of Plaintiff's claims well before the PTAB makes a final determination on the '897 Patent. Especially since Defendants are not even parties to the IPR petitions, and are not estopped from bringing the same arguments,

---

[2] Refer to the Court's previous Order (ECF No. 72) for the factual background and applicable legal standard.

the Court finds that fairness weighs in favor of Plaintiff to resolve its claims in this forum. *See Endotach LLC v. Cook Med., Inc.*, 2014 WL 852831, at *10-11 (Concluding that the plaintiff "should not now have to wait as long as two years to determine whether Cook has any liability for infringement of the '154 patent while a third party fights part of Cook's invalidity battle over the '417 patent in another forum.")

Thus, for the above mentioned reasons, the Court **LIFTS** the stay. The parties will file a joint proposed scheduling order re-setting the dates and deadlines for the case (including claim construction) for the Court's consideration by **June 26, 2015**.

**IT IS SO ORDERED.**

June 16, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**